IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT OGLESBY,

    Plaintiff,

vs.

AMY LESAN, and CHAD HEIN,

    Defendants.

4:16CV3189

MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Strike Defendant Amy Lesan's answer and Defendant Chad Hein's amended answer and counterclaim, (Filing No. 28), and on Defendant Amy Lesan's Motion to Strike Plaintiff's demand for a jury trial. (Filing No. 30). For the following reasons both motions will be denied in their entirety.

## BACKGROUND

Plaintiff Robert Oglesby filed his complaint against Defendants Amy Lesan and Chad Hein on December 15, 2016, alleging claims under 42 U.S.C. § 1983. (Filing No. 1). Plaintiff's complaint alleges Defendants Lesan and Hein violated his Fourth Amendment right to be free from unreasonable searches and seizures. (Filing No. 1). Specifically, Plaintiff claims that on January 28, 2013, Defendants had no justification to detain Plaintiff and used unreasonable force in detaining and arresting him. (Filing No. 1). Plaintiff has sued Lesan and Hein in their individual capacities only. The Complaint states Lesan and Hein were at all relevant times duly appointed and acting officers, servants, employees, and agents for Lancaster County, Nebraska, ("County"), and the City of Lincoln, Nebraska, ("City"), respectively. Plaintiff alleges "[Defendants'] acts and

omissions described herein were under the color and authority of the laws, statutes, ordinances, regulations, customs and/or usages of the State of Nebraska . . . ." (Filing No. 1 ¶¶ 2, 3 at CM/ECF p. 1). Plaintiff seeks compensatory and punitive damages, along with his attorney fees for litigating this action. On March 13, 2017, both defendants filed Answers to Plaintiff's complaint. (Filing Nos. 10 & 11). Shortly thereafter, Plaintiff filed a motion to strike Defendants' answers. (Filing No. 16).

On March 30, 2017, the City filed a motion to intervene in the lawsuit pursuant to Federal Rule of Civil Procedure 24(a)(2). (Filing No. 13). The City's proposed Complaint in Intervention claimed that on January 28, 2016, Plaintiff Oglesby resisted arrest and caused personal injury to Defendant Hein, and as a self-insured workers' compensation provider to Defendant Hein, the City claimed it had an interest in the action. (Filing Nos. 13 & 13-1). Nearly a week later, the City moved to withdraw its motion to intervene, explaining Defendant Hein intended to file an amended answer asserting his own counterclaim against Plaintiff for injuries and damages, (Filing No. 18), and on the same day, Defendant Hein filed a motion for leave to file an amended answer. (Filing No. 19). The court entered a text order granting the City's motion to withdraw and Hein's motion for leave, and denied Plaintiff's motion to strike without prejudice to re-filing. (Filing No. 21).

Plaintiff has now moved to strike Defendant Lesan's answer and Defendant Hein's amended answer and counterclaim. (Filing No. 28). Defendant Lesan has moved to strike Plaintiff's demand for a jury trial. (Filing No. 30).

ANALYSIS

I.  Plaintiff's Motion to Strike

Plaintiff requests that the court strike portions of both Defendants' answers under Federal Rule of Civil Procedure 12(f), arguing the answers contain redundant, immaterial, impertinent, and scandalous allegations.

Under Rule 12(f) "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the court enjoys "liberal discretion" in determining whether to strike a party's pleadings, doing so is an "extreme measure" and thus motions to strike under Rule 12(f) are "infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).

The purpose of a Rule 12(f) motion to strike is to "minimize delay, prejudice, and confusion." Infogroup, Inc. v. Database LLC, 95 F. Supp. 3d 1170, 1195 (D. Neb. 2015)(citations omitted). But when abused, Rule 12(f) often produces the opposite effect by creating contention and delaying the proceedings. See Stanbury, 221 F.3d at 1063. Accordingly, a motion to strike under Rule 12(f) will not be granted "in the absence of some showing of prejudicial harm" to the movant. Vernor's Ginger Ale Bottling Corp. v. Hires-Ideal Bottling Co., 8 F.R.D. 240, 241–42 (D. Neb. 1948).[1] Absent a showing of

---

[1] See also Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1380)("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted. . . . Thus, in order to succeed on a Rule 12(f) motion to strike . . . it must be shown that the allegations being challenged will be prejudicial to the moving party.") (footnotes omitted).

prejudice, allegations that are not strictly relevant to the alleged claims should not be stricken if they provide important context and background to the claims asserted or are relevant to some object of the pleader's lawsuit or response. Holt v. Quality Egg, L.L.C., 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011)(citing Stanbury, 221 F.3d at 1063).

a. Defendant Lesan's Answer

Plaintiff seeks to strike numerous portions of Defendant Lesan's answer. First, Plaintiff alleges paragraphs 5 & 6 of Lesan's answer neither admit nor deny any of Plaintiff's allegations and are immaterial or impertinent. Plaintiff argues an allegation is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being plead," and paragraphs 5 & 6 of Lesan's answer do not meet this definition.

The court disagrees. Paragraphs 5 & 6 provide context and background from Lesan's point of view and have an important relationship to Plaintiff's claim. For example, Lesan's allegation that Plaintiff was convicted for the offense of Hinder, Delay, or Interrupt Arrest, as alleged in paragraph 6, provides relevant information or context for reviewing the Lesan's conduct. Plaintiff alleges a § 1983 claim for excessive force, and Plaintiff's act of resisting arrest or impeding the officer can be considered in deciding whether the officer's conduct was reasonable or, in the alternative, excessive. See Brown v. City of Golden Valley, 574 F.3d 491, 496–97 (8th Cir. 2009). In addition, Plaintiff had failed to show how paragraphs 5 and 6 are unduly prejudicial.

Plaintiff next seeks to strike numerous paragraphs of Defendant Lesan's answer as alleging insufficient or improper defenses. Even if some of the

paragraphs Plaintiff seeks to strike are not defenses to a 42 U.S.C. § 1983 action, the allegations are not redundant, impertinent, immaterial, or scandalous, nor does Plaintiff show that these paragraphs cause him undue prejudice. (See Filing No. 29 at CM/ECF pp. 4–7). And to the extent Lesan's raises proper defenses, she is not required to plead those defenses with specificity. See Infogroup, Inc. v. Database, LLC, 95 F. Supp. 3d 1170 (D. Neb. 2015) (Gerrard, J.) (Twombly/Iqbal standard does not apply to pleading affirmative defenses). Strauss v. Centennial Precious Metals, Inc., 291 F.R.D. 338, 341 (D. Neb. 2013) ("While [an affirmative] defense must be asserted in a responsive pleading, it need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its bare assertion").

Plaintiff's motion to strike portions of Defendant Lesan's answer will be denied in its entirety.

b. Defendant Hein's Answer

Plaintiff alleges numerous paragraphs in Defendant Hein's amended answer are immaterial or impertinent. Defendant Hein counters that all of the statements respond to Plaintiff's allegations within his complaint.

Most of the challenged paragraphs provide context and background information from Hein's viewpoint. For that reason, they are neither immaterial nor impertinent, and the information is not unduly prejudicial to Plaintiff.

Plaintiff also asserts that portions of paragraphs 5 & 6 of Defendant Hein's amended answer should be stricken as scandalous. The allegations at issue within paragraphs 5 & 6 describe actions taken by Plaintiff or his mother that

5

allegedly impeded or hindered Officer Hein's ability to cite or arrest the Plaintiff. (See Filing No. 22 ¶¶ 5 & 6 at CM/ECF pp. 1–3). These facts are not scandalous and as discussed above they are directly relevant to the reasonableness of Hein's actions.

### c. Defendant Hein's Counterclaim

Plaintiff seeks to strike the entirety of Defendant Hein's Counterclaim, arguing this court lacks jurisdiction to hear the claim and the claim is time-barred. In the alternative, Plaintiff claims that if Hein's counterclaim is permitted to stand, certain statements within the counterclaim should be stricken as immaterial, impertinent, or scandalous.

This court will not dismiss Defendant Hein's entire Counterclaim on a 12(f) motion to strike. Plaintiff's jurisdiction and statute of limitations arguments should be addressed, if appropriate, in a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56.

Regarding Plaintiff's alternative arguments, the same reasoning as described above applies. The sections which Plaintiff seeks to strike provide Defendant Hein's narrative of the facts: They are relevant to the claims in this case, including Hein's counterclaims, are not scandalous, and are not unduly prejudicial to the plaintiff.

For the above stated reasons, Plaintiff's motion to strike will be denied in its entirety.

II. Defendant Lesan's Motion to Strike

Defendant Lesan argues Plaintiff is not entitled to a jury trial in accordance with Neb. Rev. Stat. § 13-907 of the Nebraska Political Subdivisions Tort Claims Act ("PSTCA"). Plaintiff argues that under the Seventh Amendment, he is entitled to a jury trial because he is alleging a claim under 42 U.S.C. § 1983.

42 U.S.C. § 1983 does not expressly provide for the right to a jury trial. City of Monterey v. Del Monte Dunes, 526 U.S. 687, 707–08 (1999). Therefore any right to a jury trial on Plaintiff's claims must be based on a Seventh Amendment analysis.

The Seventh Amendment did not create a right to jury trial, but instead preserved that right in the federal courts as it existed at common law in 1791. Baltimore v. Carolina Line Inc. v. Redman, 295 U.S. 654, 657 (1935). Where a federal statute does not specifically incorporate a right to a jury trial, the court "fit[s] it into the nearest historical analogy to determine whether there is a right to a jury trial." Buss v. Douglas, 59 F.R.D. 334, 334–35 (D. Neb. 1973). "Under the historical analogy analysis, if a claim presents what would have been at common law an 'equitable' claim, there is no right to a jury trial, and, if the claim would have been 'legal' in nature at common law, it may be triable to a jury today." Id.

When the Seventh Amendment was adopted, there was no action equivalent to 42 U.S.C. § 1983. However, it is now well settled that the Seventh Amendment right to a jury trial "extends to statutory claims unknown to the common law, so long as the claims can be said to 'sound basically in tort,' and seek legal relief." Monterey, 526 U.S. at 709 (quoting Curtis v. Loether, 415 U.S. 189, 195–96 (1974)). There is no doubt that § 1983 claims seeking damages for

7

unlawful detention and the use of excessive force during an arrest sound in tort. Monterey, 526 U.S. at 709.

However, "at common law no action for damages . . . lay against public officials acting in their official capacities as agents of the sovereign." Buss, 59 F.R.D. 336. "[I]f the action is a common law suit or the particular issues arise in a common law suit, but no right of jury trial existed under the common law of England as to that type of action, then there is no right to jury trial by virtue of the Seventh Amendment." Westcott v. Omaha, CV88-0-28, 1988 WL 383125 (April 11, 1988).

A sovereign may consent to a lawsuit against it or its agents on its own terms, (United States v. Sherwood, 312 U.S. 584, 586 (1941)), and Nebraska has done so. Nebraska waived its sovereign immunity on a limited basis by adopting the Political Subdivisions Tort Claims Act, ("PTSCA".) See Neb. Rev. Stat. § 13-902. But under the PSTCA, Nebraska does not consent to trial by jury, stating:

> Jurisdiction, venue, procedure, and rights of appeal in all suits brought under the Political Subdivisions Tort Claims Act . . . shall be determined in the same manner as if the suits involved private individuals, except that such suits <u>shall be heard and determined by the appropriate court without a jury</u>.

Neb. Rev. Stat. § 13-907 (emphasis added).

Nebraska's PSTCA, and its jury trial prohibition, applies to "any claim against a political subdivision for money only on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, "while acting within the scope of his or her office or employment," under circumstances in which the political subdivision, if a private person, would be liable to the

claimant for such damage, loss, injury, or death. Neb. Rev. Stat. § 13-903(4) The PSTCA applies even when an official is sued in his or her individual capacity, as long as the official was performing within the scope of employment. Parsons v. McCann, 138 F. Supp. 3d 1086, 1112 (D. Neb. 2015) (J. Kopf); Stagemeyer v. County of Dawson, 205 F. Supp. 2d 1107, 1118 (D. Neb. 2002); Cole v. Clark, No. A-01-799, 2003 WL 21278477 (Neb. Ct. App. June 3, 2003); Cole v. Wilson, 627 N.W.2d 140 (Neb. Ct. App. 2001); but see D.M. v. State, 23 Neb. App. 17, 32 (Neb. Ct. App. 2015) ("[S]overeign immunity does not apply when state officials are sued in their individual capacities—that is, when a suit seeks to hold state officials personally liable. This is true even when state officials are sued in their individual capacities for acts taken within the scope of their duties and authority as state officials.")(internal citations omitted).

As a deputy sheriff for Lancaster County, Nebraska, Lesan works for a Nebraska political subdivision. Therefore, if Plaintiff is alleging a claim governed by Neb. Rev. Stat. § 13-903(4), Plaintiff is not entitled to a jury trial. Based on the allegations of Plaintiff's complaint, Plaintiff brought his § 1983 claims against Lesan in her individual capacity, asserting Lesan was at all relevant times, a duly appointed and acting officer, servant, and employee of the County, and she acted "under the color and authority of the laws, statutes, ordinances, regulations, customs and/or usages of the State of Nebraska." (Filing No. 1 ¶¶ 2, 3 at CM/ECF p. 1). So the question before the court is whether Plaintiff's complaint alleges Lesan's actions at issue occurred not only "under color of law," but also within the scope of her employment for the County such that the jury prohibition of Neb. Rev. Stat § 13-907 applies to those claims.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of

state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988). Federal courts have provided a broad construction to this term. Acts made under color of law are made under pretense of law. They are performed under color of law if the officers undertook to perform their official duties, irrespective of "whether they hew to the line of their authority or overstep it." Dossett v. First State Bank, 399 F.3d 940, 949 (8th Cir. 2005) (citing Screws v. United States, 325 U.S. 91, 111 (1945)) (emphasis in original). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." Monroe v. Pape, 365 U.S. 167, 184 (1961)(quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Generally, lawsuits against a defendant in his individual capacity involves conduct outside the scope of his employment. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). And determining whether a person was acting under the "scope of employment" requires a factual inquiry. Johnson v. United States, 534 F.3d 958 (8th Cir. 2008).

Lesan argues that an examination of the facts leads to the conclusion that she was acting within the scope of her employment as a Lancaster County Deputy Sheriff and thus the PSTCA applies and prohibits a jury trial on Plaintiff's claims against her. But Plaintiff's complaint does not explicitly allege Lesan was acting within the scope of her employment. (See Filing No. 1). Instead, Plaintiff alleges Lesan was acting under color of law, and an action need not be within the scope of employment to be under color of law.[2] There are no allegations within Plaintiff's complaint stating, or from which it must be inferred, that Lesan's alleged misconduct was performed within the permissible scope of her

---

[2] See Cameron v. Milwaukee, 307 N.W.2d 164 (Wis. 1981) (analyzing the differences between "color of law" and "scope of employment.")

employment. Since information beyond the pleadings is required to decide the scope of employment issue, the court cannot at this time determine that Plaintiff's claim is subject to the PSTCA and its jury prohibition.

Based on the record currently before the court, Plaintiff is entitled to a jury trial on his claims for damages under § 1983 against Lesan in her individual capacity This determination is without prejudice to reconsideration if facts are presented showing Lesan was acting within the scope of her employment when the alleged acts occurred. See [Monterey, 526 U.S. at 709](Monterey, 526 U.S. at 709).

Accordingly,

IT IS ORDERED:

1) Plaintiff Oglesby's Motion to Strike, ([Filing No 28](Filing No 28)), is denied in its entirety.

2) Defendant Lesan's motion to strike Plaintiff's jury demand, ([Filing No. 30](Filing No. 30)), is denied.

Dated this 30th day of May, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge