IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT OGLESBY, | |
| Plaintiff, | 4:16CV3189 |
| v. | |
| AMY LESAN and CHAD HEIN, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff has filed a Statement of Objections (Filing No. 43) to portions of a Memorandum and Order entered by Magistrate Judge Cheryl R. Zwart on May 30, 2017 (Filing No. 41). After careful review conducted pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2, I find that the challenged parts of the order are not clearly erroneous or contrary to law. Specifically, it was not clearly erroneous for the Magistrate Judge to (1) decline to dismiss defendant Chad Hein's state-law tort counterclaims on a Fed. R. Civ. P. 12(f) motion to strike; and (2) deny defendant Amy Lesan's motion to strike Plaintiff's jury demand without—instead of with—prejudice.

## COUNTERCLAIMS

In the face of Plaintiff's jurisdictional and statute-of-limitations challenges to defendant Hein's state-law tort counterclaims (Filing No. 22 at CM/ECF p. 7) against Plaintiff, Magistrate Judge Zwart declined to "dismiss Defendant Hein's entire Counterclaim on a 12(f) motion to strike. Plaintiff's jurisdiction and statute of limitations arguments should be addressed, if appropriate, in a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56." (Filing No. 41 at CM/ECF p. 6.)

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Striking a pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

Plaintiff's request under Rule 12(f) that this court decline to exercise its supplemental jurisdiction over the defendant's state counterclaims does not fall within the scope of Rule 12(f)—that is, Plaintiff does not argue that the counterclaims constitute "an insufficient defense" or material that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

Further, Plaintiff's Objection to the Magistrate Judge's Order does not mention how this court's refusal to decide on a Fed. R. Civ. P. 12(f) motion to strike whether it will eventually exercise supplemental jurisdiction over state counterclaims will prejudice him. *Vernor's Ginger Ale Bottling Corp. v. Hires-Ideal Bottling Co.*, 8 F.R.D. 240, 242 (D. Neb. 1948) ("[A]lthough a pleading be redundant, immaterial, impertinent, and literally susceptible to a motion to strike under the provisions of Rule 12(f), such motion will not be granted in the absence of some showing of prejudicial harm resulting to the adversary."); *Joe Hand Promotions, Inc. v. Ridgway*, No. 6:14-CV-03401, 2015 WL 1321477, at *1 (W.D. Mo. Mar. 24, 2015) ("Even when striking a defense is technically proper, courts are reluctant to do so in the absence of prejudice to the moving party."); *see also Illinois Tool Works Inc v. ESAB Group, Inc.*, 2016 WL 8224331, *1-*2 (E.D. Wis. 2016) ("[T]his court does not propose to entertain disfavored motions to strike merely to embark on the largely academic exercise of editing a defendants' [sic] pleadings. Instead, a party moving to strike must identify some actual prejudice it could expect to sustain as a result of the offending pleading. That has not been established here.").

Therefore, it was not clearly erroneous for the Magistrate Judge to decline to dismiss defendant Hein's state-law tort counterclaims on a Fed. R. Civ. P. 12(f) motion to strike.

## JURY DEMAND

Plaintiff objects to the portion of Magistrate Judge Zwart's Order denying defendant Lesan's motion to strike Plaintiff's jury demand on his § 1983 claims "without prejudice to reconsideration if facts are presented showing Lesan was acting within the scope of her employment [under the Nebraska Political Subdivisions Tort Claims Act] when the alleged acts occurred." (Filing No. 41 at CM/ECF p. 11.) Plaintiff complains that in this § 1983 action, the Nebraska Political Subdivisions Tort Claims Act ("PSTCA")—which in the state courts would *not* entitle Plaintiff to a jury—is not at issue because Plaintiff has not asserted any state-court tort claims. Therefore, Plaintiff argues, defendant Lesan's motion to strike the jury demand should have been denied *with*, rather than without, prejudice.

While I agree with Plaintiff that he has a Seventh Amendment right to a jury trial in a § 1983 case regardless of whether the defendants were acting within or without the scope of their employment (assuming they were acting under color of state law, which is a different principle[1]), Judge Zwart's alleged error, if it was error, is harmless.[2]

---

[1] *See Dossett v. First State Bank*, 399 F.3d 940, 949 (8th Cir. 2005) ("under color of law" for purposes of §1983 liability means under pretense of law, and acts of officer who undertakes to perform official duties is included, whether or not the official's action was officially authorized or lawful); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999) (action under § 1983 is action at law within meaning of Seventh Amendment right to jury trial). My opinions in *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1112 (D. Neb. 2015) (discussing applicability of PSTCA in context of state-law tort claims) and *Stagemeyer v. County of Dawson*, 205 F. Supp. 2d 1107, 1118 (D. Neb. 2002) (discussing applicability of PSTCA in context of state-law tort claims) are not to the contrary. Plaintiff does not assert state-law tort claims here.

[2] *See DeVries v. Driesen*, 766 F.3d 922, 924 (8th Cir. 2014) ("It does not matter whether a § 1983 suit could qualify as a claim under the [Iowa Tort Claims Act]; § 1983 creates a 'uniquely federal remedy,' and one 'supplementary to any remedy any state might have.'") (quoting *Mitchum v. Foster*, 407 U.S. 225, 239 (1972), and *McNeese v. Bd. of Ed.*, 373 U.S. 668, 672 (1963)); *Turner v. Palmer*, 84 F. Supp. 3d 880, 885 (S.D. Iowa 2015) (tolling provision under state tort claims act did not apply to § 1983 claims).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Statement of Objections (Filing No. 43) is denied; and

2. The Magistrate Judge's Order entered on May 30, 2017 (Filing No. 41), is sustained and shall not be disturbed.

DATED this 6th day of July, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge
