IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT OGLESBY, | ) | Case No. 4:16-cv-3189 |
| Plaintiff, | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| AMY LESAN AND CHAD HEIN, | ) | |
| Defendants. | ) | |

To facilitate the parties' discovery efforts, and consistent with the court's oral rulings, (Filing No. 94)

IT IS ORDERED:

1. As used herein:

a. "Confidential Documents" shall mean documents meeting the criteria set forth in Neb. Rev. Stat. § 84-712.05 and produced by the City of Lincoln, Nebraska ("City"), in response to a Fed. R. Civ. P. 45 subpoena issued by Robert Oglesby ("Oglesby") in the matter of *Robert Oglesby v. Amy Lesan and Chad Hein*, U.S. District Court for the District of Nebraska ("Court"), 4:16-cv-3189 ("Matter"), but only on the condition that such documents are designated by the City as "CONFIDENTIAL." Such documents that are CONFIDENTIAL include but are not limited to the LPD investigatory records of Plaintiff Robert Oglesby from 2012 and 2013; LPD policy records regarding electrical weapons; employee personnel and training records of Defendant Chad Hein; the employee disciplinary records of Defendant Chad Hein; and the employee workers' compensation and medical records of Defendant Chad Hein from 2013 to present.

The disciplinary documents and records of Taser use of Defendant Hein shall be limited from July 28, 2005 (Defendant Chad Hein's start of employment with the City of Lincoln Police Department) to January 28, 2013 (the date of the incident that is the subject matter of the Matter). The policy records regarding issuance of citations outside the corporate City of Lincoln limits and use of conducted electrical weapons and Tasers shall be limited to those in effect on January 28, 2013 (the date of the incident that is the subject matter of the Matter). The internal affairs investigation records involving Defendant Chad Hein related to the subject matter of the Matter shall be produced subject to this Protective Order. As to any other Internal Affairs records regarding the conduct of Chad Hein, if any, the Court shall conduct an in camera review of such records in existence from July 28, 2005 (Defendant Chad Hein's start of employment with the City of Lincoln Police Department) to January 28, 2013 (the date of the incident that is the subject matter of the Matter) to determine if they are relevant and should be produced. No memoranda from the City Attorney's Office regarding Oglesby's prosecution in Case No. CR13-1841 exist.

b. "Disclosed" shall mean divulged, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated to any Person or Persons in any manner and for any purpose other than as allowed herein;

c. "Oglesby's Attorney" shall include any attorney of record for Oglesby in the Matter and all partners, associates, paralegals, secretaries and other employees of said attorney;

d. "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity;

e. "Consultant" shall mean any expert retained or hired by Oglesby or Oglesby's Attorney for consultancy or testimony in the Matter and further shall include in-house experts and/or technical personnel of Oglesby or Oglesby's Attorney; and

f. "Witness" shall mean any individual who may testify in court proceedings or depositions in the Matter.

2. Confidential Documents shall not be Disclosed by Oglesby or Oglesby's Attorney or anyone else for whom they are responsible for any purpose unrelated to preparing for trial and/or for trial in the Matter and any appeal in the Matter or for any business or competitive purpose. Disclosure other than as provided for herein shall first require written consent of the City, or order of the Court. Oglesby and Oglesby's Attorney shall maintain a list of all Persons to whom Confidential Documents are Disclosed, and shall instruct every Person to whom Confidential Documents are Disclosed that such Confidential Documents are not be Disclosed to any other Person. Confidential Documents may be produced to Oglebsy's Attorney, who shall not allow Oglesby, Consultants, or Witnesses to make copies of the Confidential Documents. Oglesby, Consultants, and Witnesses may only view the Confidential Documents in the presence of Oglesby's Attorney.

3. Should Oglesby or Oglesby's Attorney wish to challenge a "CONFIDENTIAL" designation by the City, he or she shall first contact the City in good faith to resolve the issue. If the issue cannot be resolved, Oglesby or Oglesby's Attorney may petition the Court for an order as to whether the "CONFIDENTAL"

designation is proper. Oglesby and Oglesby's Attorney shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.

4.      If Oglesby or Oglesby's Attorney learns that Confidential Documents have come into the possession of any Person other than in the manner authorized by this Protective Order, Oglesby or Oglesby's Attorney shall take all reasonable measures to prevent further disclosure by such Person and shall immediately provide written notice to the City.

5.      In the event a Confidential Document is used by Oglesby or Oglesby's Attorney at the deposition of any Consultant or Witness, the court reporter shall agree in writing or on the record of such deposition that no copies of the deposition or the deposition exhibit previously identified as a Confidential Document herein shall be made for, delivered, or made available to any Person except the City, Defendant Chad Hein, Oglesby, Oglesby's Attorney, and the Consultant or Witness. In the event the court reporter refuses such request, the deposition shall not proceed.

6.      If the City produces a document to Oglesby or Oglesby's Attorney in response to a Fed. R. Civ. P. 45 subpoena in the Matter and does not designate that document as "CONFIDENTIAL," and later determines that such document should have been designated as "CONFIDENTIAL," the City shall notify Oglesby or Oglesby's Attorney immediately upon making this determination, and, to the extent the document has not already been Disclosed to any Person by Oglesby or Oglesby's Attorney, Oglesby or Oglesby's Attorney shall deem such document to have been designated as "CONFIDENTIAL" at the time it was produced.

7.      Confidential Documents may be used by Oglesby or Oglesby's Attorney to examine or cross-examine any Witness or Consultant at any hearing, deposition, or

trial in the Matter. The City and Defendant Chad Hein shall have the right to request the Court to exclude or sequester any individual who is in attendance at any hearing, deposition or trial for purposes of maintaining the confidentiality of such Confidential Documents.

8. Confidential Documents may be referred to by Oglesby or Oglesby's Attorney in interrogatory answers, motions and briefs, and other pleadings, and may be used by Oglesby or Oglesby's Attorney in depositions and marked as deposition exhibits in the Matter in accordance with this Protective Order. However, if any Confidential Documents are to be included in any papers to be filed in Court in the Matter by Oglesby or Oglesby's Attorney, such information or material shall be labeled "CONFIDENTIAL," and shall be filed under restricted access until further order of the Court. The City or Defendant Chad Hein may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

9. Following the conclusion of the Matter, including any appeal, writ, or petition for review, the City may make written demand upon Oglesby or Oglesby's Attorney for the return of the Confidential Documents produced by it in response to a Fed. R. Civ. P. 45 subpoena in the Matter. Upon demand for return, Oglesby or Oglesby's Attorney shall return the originals and any copies of the Confidential Documents which are in his or her custody or control.

10. If Oglesby or Oglesby's Attorney is served with a subpoena commanding the production of Confidential Documents, Oglesby or Oglesby's Attorney shall promptly give telephonic notice and written notice by overnight delivery and/or email to the City and to the Court, enclosing a copy of the subpoena. In no event shall Oglesby or Oglesby's Attorney produce Confidential Documents in response to the subpoena before the later of (a) ten (10) days following the date of service of the subpoena, or

(b) the return date of the subpoena, unless otherwise required by applicable law or court order.

11.  The City, Defendant Chad Hein, and Oglesby may, by stipulation, provide for exceptions to this Order and the City, Defendant Chad Hein, or Oglesby may seek an order of this Court modifying this Protective Order.

Dated this 28th Day of August, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge